IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FRANKLIN SEARS                                                                                    PLAINTIFF

v.                                          Case No. 6:19-cv-6059

CITY OF HOT SPRINGS, ARKANSAS                                                       DEFENDANT

## ORDER

Before the Court is Defendant City of Hot Springs, Arkansas's Motion to Stay Proceedings. (ECF No. 9). Plaintiff Franklin Sears has not responded and his time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On May 29, 2019, Plaintiff filed suit against Defendant, alleging disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and age discrimination under the Age Discrimination and Employment Act, 29 U.S.C. §§ 623(A), 631(A). Plaintiff alleges that, on December 12, 2017, Defendant terminated his employment as a Hot Springs police officer after he failed to complete a physical fitness test. Plaintiff contends that he was unlawfully terminated because of his age and temporary disability.

Plaintiff appealed his termination to the Hot Springs Civil Service Commission, which upheld the decision to terminate him on January 17, 2018. (ECF No. 9-1). On February 15, 2018, Plaintiff filed suit in the Circuit Court of Pulaski County, Arkansas, petitioning for review of the Hot Springs Civil Service Commission's order. (ECF No. 9-2). The Pulaski County Circuit Court subsequently transferred the case to the Circuit Court of Garland County, Arkansas. On January 11, 2019, the Garland County Circuit Court affirmed the Hot Springs Civil Service Commission's decision to uphold Plaintiff's termination. (ECF No. 9-3). On February 15, 2019, Plaintiff filed a notice of appeal with

the Arkansas Court of Appeals. (ECF No. 4). As of the date of this order, the appeal remains pending.[1]

On October 10, 2019, Defendant filed the instant motion, stating that Plaintiff's state appeal concerns the events giving rise to the allegations in this case. Thus, Defendant argues that the Court should stay and administratively terminate this case pursuant to the *Younger* abstention doctrine, pending the resolution of Plaintiff's state court proceedings. Plaintiff has not responded to, or otherwise opposed, the instant motion.

## II. DISCUSSION

Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "This exercise of jurisdiction is constrained, however, by traditional principles of equity, comity, and federalism." *Alleghany Corp. v. McCartney*, 896 F.2d 1138 (8th Cir. 1990). The United States Supreme Court has established several limited abstention doctrines to preserve such principles. *Beavers v. Ark. State Bd. of Dental Exam'rs*, 151 F.3d 838, 840-41 (8th Cir. 1998). One such abstention doctrine is set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The so-called *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* doctrine was originally designed to prevent federal courts from enjoining pending state criminal proceedings. *Id.* at 479. The doctrine "has since been expanded to prohibit federal courts from interfering in certain pending state civil cases . . . as well as pending state administrative proceedings which are judicial (as opposed to legislative) in nature." *Id.* (internal citation omitted). The *Younger* doctrine reflects the public policy that disfavors federal court interference with state judicial proceedings. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

---

[1] *Sears v. City of Hot Springs*, Case No. CV-19-387.

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding, (2) the state proceeding must implicate important state interests, and (3) the state proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court should abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad-faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

Defendant argues that Plaintiff's state court proceedings challenge his termination and that he has raised his federal claims in that proceeding. Defendant further argues that Plaintiff's state proceedings implicate an important state interest, as the state of Arkansas has a strong interest in the conduct of civil servants and in reviewing disciplinary actions taken against them.

In the absence of any opposition from Plaintiff, the Court agrees that the three factors are met in this case.[2] There is clearly an ongoing state proceeding. The Court agrees that the state proceeding implicates important state interests, namely, that the state of Arkansas has an interest in providing a mechanism for judicial review of disciplinary actions taken against civil servants. There is no indication that the state proceeding will not give Plaintiff an adequate opportunity to raise the federal questions asserted in this case.[3] The Court finds no bad faith, harassment, or other extraordinary circumstance that would make *Younger* abstention otherwise inappropriate. Consequently, the Court

---

[2] Plaintiff's failure to respond to the instant motion is "an adequate basis, without more, for granting the relief sought in said motion." Local Rule 7.2(f).

[3] The party resisting a *Younger* motion bears the burden of showing that the state proceedings do not afford an adequate opportunity to raise the party's federal claim. *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010). Plaintiff has not responded to the instant motion, so he has obviously not carried this burden.

will apply the *Younger* doctrine in this case.

The question now becomes whether this case should be dismissed or stayed. When a plaintiff solely seeks injunctive or declaratory relief, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). However, in cases like this one where damages are sought, "traditional abstention principles generally require a stay as the appropriate mode of abstention." *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)).

Defendant asks for this case to be stayed and administratively terminated pending the resolution of the state proceeding. The Court agrees with this proposed course of action. Plaintiff seeks both monetary damages and equitable relief in the form of reinstatement, so a stay of this case is appropriate. *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999). Thus, the Court will stay and administratively terminate this case until the ongoing state case is resolved. *See id.*; *Dunkin v. Morales*, No. 1:11-cv-0010-JMM, 2011 WL 719016, at *2 (E.D. Ark. Feb. 22, 2011).

### III.  CONCLUSION

For the above-stated reasons, the Court finds that Defendant's motion (ECF No. 9) should be and hereby is **GRANTED**. Accordingly, this case is **STAYED AND ADMINISTRATIVELY TERMINATED** pending the final disposition of Plaintiff's ongoing state court appeal, at which time either party may file a motion to reopen this case to resolve any remaining issues.

**IT IS SO ORDERED**, this 31st day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge